IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RODRIGO DIAZ-LOPEZ**,<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA**,<br><br>Defendant. | Case Nos. 3:24-cv-00869-IM, 3:21-cr-00104-IM-1<br><br>**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255** |

Natalie K. Wight, United States Attorney, and Sarah Barr, Assistant United States Attorney, U.S. Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Attorneys for the United States of America.

Rodrigo Diaz-Lopez, #66812-065, FCI Lompoc II, 3901 Klein Blvd, Lompoc, CA 93436. Pro se.

**IMMERGUT, District Judge.**

Before this Court is Petitioner Rodrigo Diaz-Lopez's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Mot."), ECF 98. In support of his motion, Petitioner asserts two Sixth Amendment claims for ineffective assistance of counsel. The first claim alleges that Petitioner's attorney failed to file a notice of appeal after Petitioner told him to appeal. The second claim alleges that Petitioner's attorney failed to adequately consult with Petitioner before

PAGE 1 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO VACATE SENTENCE

he entered a guilty plea. For both claims, Petitioner requests that this Court order "a[n] evidentiary hearing under Rule 8, appoint counsel, direct government to file an answer, allow Petitioner to utilize discovery tools under Rule 6, and[/]or issue an Order [t]hat this honorable Court deems just and proper." *Id.* at 13. In its supplemental response addressing whether this Court should grant an evidentiary hearing on Petitioner's first claim, the Government asked this Court to "grant the defendant's motion" based on his first claim "and vacate and reenter judgment to allow him to appeal, assuming without deciding the merits of his motion." ECF 106; *see also* Government's Clarification of Supplemental Response, ECF 108.

Based on the Government's supplemental response, although this Court is skeptical of the validity of Petitioner's first claim, given defense counsel's comprehensive affidavit and the lack of specificity in Petitioner's allegations, without deciding the merits of the motion, this Court vacates and reenters the Judgment of Conviction, to allow Petitioner an opportunity to file an appeal. This Court denies Petitioner's request for appointment of counsel on appeal given (1) his "ability . . . to articulate his claims *pro se*," (2) the limited "complexity of the legal issues involved," and (3) the low "likelihood of success on the merits." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam). As to Petitioner's second claim for relief, this Court finds that Petitioner has failed to state a cognizable claim, and accordingly dismisses this claim.

## BACKGROUND

Petitioner pleaded guilty to possession with intent to distribute heroin in a quantity exceeding one kilogram in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(i) on February 21, 2023, pursuant to a plea agreement. Plea Hearing Minute Order, ECF 81; Plea Agreement, ECF 78 ¶ 2. Petitioner signed the plea agreement, attesting that:

> I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I

> expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

*Id.* at 7. Petitioner's attorney, Steven A. Seiden, and an interpreter both signed the Agreement. *Id.* The Agreement contains a provision on Waiver of Appeal that states: "Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim" that:

> (1) the sentence imposed exceeds the statutory maximum, or
>
> (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or
>
> (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court.

*Id.* ¶ 14. Petitioner also waived the right to file any collateral attack except on specific grounds, such as ineffective assistance of counsel. *Id.*

This Court entered judgment and sentenced Petitioner to one hundred and thirty-five months imprisonment and five years of supervised release on May 25, 2023. Judgment & Commitment, ECF 95. At the sentencing hearing, Petitioner was advised of his right to appeal. ECF 94. Petitioner did not appeal. *See* Mot., ECF 98 at 9.

While in federal custody, Petitioner filed the instant § 2255 Motion on May 29, 2024. Mot., ECF 98 at 13. The Government filed its Response opposing Petitioner's Motion on June 20, 2024. Resp., ECF 103. Petitioner did not file a reply. On August 14, 2024, this Court ordered the Government to file a supplemental brief addressing the Ninth Circuit's ruling in *United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005), regarding granting evidentiary hearings when a petitioner alleges that his or her counsel disregarded an express instruction to file an appeal, ECF 104. The Government filed its supplemental brief on August 30, 2024.

PAGE 3 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO VACATE SENTENCE

Supplemental Brief ("Supp. Brief"), ECF 106. On September 9, 2024, this Court ordered the Government to clarify whether its supplemental brief pertained to both of Petitioner's claims, ECF 107. On September 10, 2024, the Government clarified that its position is that this Court should grant Petitioner's motion only on his first claim and deny Petitioner's second claim. Government's Clarification of Supplemental Response, ECF 108 at 4.

## LEGAL STANDARDS

Section 2255 permits "[a] prisoner in custody under sentence of a court established by Act of Congress" to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a).

To warrant relief, a petitioner must demonstrate that an error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) (holding *Brecht*'s harmless error standard applies to habeas cases under section 2255). Under § 2255, the petitioner is entitled to a hearing in which the court determines the issues and makes findings of fact and conclusions of law, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "To earn the right to a hearing," the petitioner must "allege specific facts which, if true, would entitle him to relief." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996). In evaluating a pro se § 2255 motion, the court must construe the motion liberally. *See United States v. Seesing*, 234 F.3d 456, 462–63 (9th Cir. 2001).

PAGE 4 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO VACATE SENTENCE

## DISCUSSION

This Court now grants in part and denies in part Petitioner's Motion. Without deciding the merits of his first claim, this Court will exercise its discretion to allow Petitioner to appeal this claim in accordance with the Government's recommendation. As to his second claim, Petitioner's "allegations, viewed against the record, fail to state a claim for relief" because he has not demonstrated prejudice. *McMullen*, 98 F.3d at 1159. There is thus no need for a hearing to resolve this claim. *Id.*

For both of his claims, Petitioner argues that his sentence was imposed in violation of the Constitution because his attorney provided constitutionally inadequate representation under the Sixth Amendment. *See* Mot., ECF 98 at 4–5. To establish ineffective assistance of counsel, the petitioner must show that (1) his counsel's performance was deficient, meaning it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced Petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 687–668 (1984). As to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks and citation omitted). To demonstrate prejudice, "[t]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In a guilty-plea case, that means "the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner argues that his attorney's performance was deficient in two respects: First, his attorney's failure to file a direct appeal, and second, his attorney's failure to adequately consult with Petitioner before he pleaded guilty. Mot., ECF 98 at 5–6. Each is discussed in turn.

**A.  Direct Appeal**

The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal" is providing deficient representation under *Strickland*. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). This is true even if the defendant expressly waived his right to appeal. *Garza v. Idaho*, 139 S. Ct. 738, 746-47 (2019); *Sandoval-Lopez*, 409 F.3d at 1198. As to the prejudice prong, "[petitioner] does not have to show that he might have prevailed on appeal[,]" only "that he probably would have appealed had his lawyer asked." *Sandoval-Lopez*, 409 F.3d at 1196.

Here, Petitioner claims that he "clearly indicated to Counsel that [he] wanted to appeal but Counsel ignored [him]" and "Counsel Johnson further stated that if [he] appealed [he] would get more time" so appealing was not advisable. Declaration of Rodrigo Diaz-Lopez ("Diaz-Lopez Decl."), ECF 100 ¶ 6–7. Petitioner further states that he "anticipated on a direct appeal but later learned that Counsel had not filed a direct appeal." *Id.* ¶ 9. Petitioner's allegations are contradicted by the Declaration of Steven A. Seiden ("Seiden Decl."), submitted by the Government in its Response. *See* ECF 103-1. Mr. Seiden, Petitioner's former counsel, attests:

> At no time did [Petitioner] ever state to me, or to anyone who was part of the defense team, that he wanted to have a notice of appeal filed on his behalf. *Id.* at 5.
>
> Subsequent to the sentencing date [Petitioner] did not request for a notice of appeal to be filed on his behalf. *Id.* at 7.
>
> [Petitioner] never requested for a Notice of Appeal to be filed on his behalf. *Id.* at 8.

PAGE 6 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PETITIONER'S MOTION TO VACATE SENTENCE

Because this Court has not held an evidentiary hearing on this matter, the Court presumes without deciding that "after sentencing [Petitioner] asked his lawyer to appeal and his lawyer did not do as he asked." *Sandoval-Lopez*, 409 F.3d at 1196. As alleged, Petitioner did not express a "mere expression of interest in appealing,"[1] but rather "clearly indicated" his desire, "anticipated on a direct appeal" being filed, and later learned he had been "ignored." As alleged, Petitioner did not express "some interest in appealing" before being "talked out of it" by his counsel "explain[ing] the unwisdom of such a decision." *Sandoval-Lopez*, 409 F.3d at 1198. Instead, Petitioner alleges that his counsel told him he would get more time if he appealed, but he still expected that a direct appeal had been filed, suggesting that Petitioner was not talked out of his explicit interest in an appeal.

However, the uncontroverted record establishes that, first, Petitioner and his counsel had discussed whether he should waive his right to appeal in exchange for a reduction in charges after "agents found more than 3.8 gross kilograms of fentanyl, more than 2.4 gross kilograms of methamphetamine, more than 3 gross kilograms of heroin, an assault-style rifle, a handgun, and associated ammunition" in Petitioner's garage. Resp., ECF 103 at 2 (quoting Presentence Report, ECF 90 ¶ 22); Seiden Decl., ECF 103-1 at 5. Second, Petitioner, his attorney, and interpreter signed a Plea Agreement that contained a waiver of appeal. ECF 78 ¶ 14; *id.* at 7. Third, this Court explained to Petitioner at sentencing that he had a right to appeal. ECF 94.

In addition, after a careful review of Petitioner's habeas petition, memorandum, and declaration, this Court notes that Petitioner has not, in any of his materials, identified any nonfrivolous ground for direct appeal. He also has not informed the Court what he might have

---

[1] "Mere expression of interest in appealing would not lead to the same result as telling defense counsel to appeal." *Sandoval-Lopez*, 409 F.3d at 1198 (citing *Flores-Ortega*, 528 U.S. at 486).

appealed, and waited over a year to file this petition claiming he wanted to appeal. *Cf. Sandoval-Lopez*, 409 F.3d at 1197. Given this record, an appeal here "would most probably have been dismissed because it had been waived. Had it not been dismissed, we are in the dark about how [Petitioner] could have prevailed. And, if he were to prevail and get a new trial on his original indictment . . . his odds seem high of spending much more time in the federal penitentiary than the [deal] his lawyer worked out for him." *Id.*

Yet, following the binding precedent outlined above, and given the Government's recommendation to allow Petitioner to appeal in lieu of holding an evidentiary hearing, this Court will assume, without deciding that Petitioner's claims are true, that it was deficient performance not to appeal and Petitioner was prejudiced as a result. *See id.* To be quite clear, any prejudice here would be that Petitioner "lost his chance to file the appeal, *not* that he lost a favorable result that he would have obtained by appeal." *Id.* (emphasis added).

The Court now has two options: either (1) "hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed"; or (2) "[I]f the [government] does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true." *Id.* at 1198. The government may choose not to object either "to free itself from the restraint of the plea bargain, or because getting the appeal dismissed would be less work than an evidentiary hearing." *Id.*

As to the first option, this Court declines to grant an evidentiary hearing. As the Government notes, "defense counsel lives in California and an evidentiary hearing will require resource expenditure beyond the ordinary course." Supp. Resp., ECF 106 at 6. Thus, this Court "finds that the most expeditious course of action is to allow the Petitioner to proceed with his

appeal" as the Government has requested. *Islas-Galeana v. United States*, No. CR 11-540, 2012 WL 1165886, at *4 (D. Ariz. Apr. 9, 2012); Supp. Resp., ECF 106 at 6.

While he is entitled to an appeal, this Court cautions Petitioner that his Plea Agreement expressly forbids him from appealing his conviction. If Petitioner appeals his sentence in breach of the Plea Agreement, that breach could relieve the Government "of its obligations under this agreement." Plea Agreement, ECF 17 ¶ 17; *United States v. Mahoney*, No. CR 09-1217, 2012 WL 5457417, at *4 (C.D. Cal. Nov. 8, 2012). Specifically, Petitioner may face "the possible extreme consequence that the Government may seek to withdraw from the negotiated sentencing agreement if Petitioner files a Notice of Appeal." *Islas-Galeana*, 2012 WL 1165886, at *4.

This Court declines to appoint counsel for Petitioner for the pendency of his appeal. "Factors guiding the court's discretion as to whether to appoint counsel in habeas corpus proceedings include the petitioner's ability to articulate his claim, complexity of legal issues, and likelihood of success on merits." *United States v. Carpenter*, No. 16-cr-00432, 2019 WL 5295462, at *4 (D. Or. Oct. 18, 2019) (citing *Weygandt*, 718 F.2d at 954). Petitioner has demonstrated the ability to articulate his claims, his Motion is not complex, and the Motion is likely without merit. Accordingly, Petitioner's request for appointed counsel is denied.

**B. Explanation and Discussion of Plea Deal**

Plaintiff's second claim fails to state a claim for relief because, even accepting Plaintiff's allegations as true, he has not demonstrated prejudice.

Criminal defendants have the right to effective assistance of counsel to decide whether to plead guilty. *United States v. Osemwengie*, No. 15:cv-00764, 2019 WL 1767883, at *15 (D. Or. Apr. 22, 2019) (citing *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003)). "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 566 U.S. 156, 168 (2012).

PAGE 9 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO VACATE SENTENCE

Petitioner alleges that counsel "failed to apprise Petitioner of the facts, omitted and misle[d] Petitioner with vital case information, failed to adequately consult with Petitioner, and waived Petitioner's exclusive right to decide to plead guilty o[r] opt to [go to] trial." Mot., ECF 98 at 5; Memorandum, ECF 99 at 4 (same); *see also* Diaz-Lopez Decl., ECF 100 ¶ 4. Petitioner also alleges "that his attorney failed to adequately counsel him regarding [the] situation and the difference between the plea offers and trial."[2] Mot., ECF 98 at 6. He further states that "Counsel failed to explain and discuss Petitioner[']s decision to plea[d] guilty. . . . Counsel just moved on without addressing Petitioner's decision." Memorandum, ECF 99 at 5.

Petitioner has failed to satisfy the second prong of *Strickland*.[3] He has not alleged that he was prejudiced by any failure of his counsel to explain and discuss the plea deal. Petitioner has not alleged that there is a reasonable probability that, but for counsel's failure to appeal, he would not have pleaded guilty and would have insisted on going to trial as required under *Hill*. 474 U.S. at 59. Petitioner does not claim that he would have proceeded to trial. Instead, he alleges that he "would have engaged in the plea negotiation process to negotiate a more favorable and plausible offer." Diaz-Lopez Decl., ECF 100 ¶ 12. Accepting this allegation as true, Petitioner still does not establish prejudice as required under *Hill* in these circumstances.

Even if Petitioner had alleged that he would have proceeded to trial, that would not be enough to prove prejudice under *Strickland* in this case. Petitioner "also fails to show any reason

---

[2] While Petitioner includes these two allegations under the heading of his first claim, this Court treats them as pertaining to his second claim because they relate to his counsel's alleged failure to consult with Petitioner.

[3] This Court does not decide whether Petitioner's allegations, accepted as true, constitute deficient performance. This Court notes that the declaration of Petitioner's trial counsel contains ample evidence that Petitioner received robust consultation on all aspects of the plea deal over the course of 25 to 50 phone calls and multiple in-person meetings with his counsel. *See* Seiden Decl., ECF 103-1.

to believe any lawyer could have obtained a more favorable plea bargain, much less that all competent lawyers would have done so." *United States v. Reychler*, No. CV 19-60, 2021 WL 1894150, at *4 (D. Mont. May 11, 2021). Further, "it is simply not plausible that facing these consequences, and considering the strength of the Government's case, [Petitioner] would have decided to proceed to trial." *United States v. Silveira*, 997 F.3d 911, 916 (9th Cir. 2021) (cleaned up). Petitioner was indicted on charges of conspiracy, possession with intent to distribute one kilogram or more of heroin, and possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. Resp., ECF 103 at 2. Agents discovered ample evidence in Petitioner's garage. In addition, Petitioner faced a mandatory minimum sentence of 10 years' imprisonment, a maximum sentence of life imprisonment, and a fine of $10 million. Plea Agreement, ECF 78 ¶ 3. He was also "potentially subject to an § 851 sentence enhancement given his three prior drug trafficking convictions." Resp., ECF 103 at 13. Given the threat of life imprisonment and the Government's ample evidence, it is not plausible that Petitioner would have proceeded to trial.

Accordingly, this Court finds that Petitioner failed to state a claim on which relief can be granted as to his second claim. The fundamental flaws in this claim conclusively demonstrate that Petitioner is not entitled to relief and, therefore, that no evidentiary hearing on that claim is required.

## CONCLUSION

For the reasons stated above, this Court GRANTS in part and DENIES in part Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF 98. Plaintiff has failed to state a cognizable claim as to his second claim for relief. As to his first claim, without deciding the merits, this Court VACATES and REENTERS the Judgment of Conviction, allowing Petitioner an opportunity to file an appeal. This Court declines to appoint counsel for this appeal.

**IT IS SO ORDERED.**

DATED this 12th day of September, 2024.

                                              /s/ Karin J. Immergut
                                              Karin J. Immergut
                                              United States District Judge